Powell, J.,
concurring: I support the majority’s opinion as far as it goes, but I write separately because the majority’s brief discussion of the proper sanction to be imposed, should the district court decide to impose a sanction, leaves me wanting. While I wholeheartedly agree that the decision on whether to impose a sanction for a failure to disclose a material change in circumstance is left to the considered discretion of the district court, I fear that the majority’s directive — “to determine the proper amount of the sanction consistent with the provisions of the guidelines” — lacks sufficient specificity as to what such a sanction should be and invites further appeals in this case.
*696 In addition to the other issues LaDonna raises on appeal, she challenges tire district court’s initial decision to limit the sanction. Recall that the district court ordered the increased child support effective November 1,2012, since LaDonna did not file her motion to modify child support until October. Hal’s increased income became effective in January, but the district court only imposed a sanction equal to tire difference in tire child support Hal paid for the months of July through October versus the child support he should have paid had he timely disclosed his increased income. The majority’s opinion leaves open tire possibility for the district court to simply reimpose this sanction. I believe such an order is contrary to the guidelines.
LaDonna argues, and I agree, that the Kansas Child Support Guidelines § V.B.2. (2013 Kan. Ct. R. Annot. 144) requires a greater sanction tiran the one imposed here by tire district court. It is a cardinal rule of statutory (or in this case, a rule) construction that a provision should not be interpreted as to render some language mere surplusage. See Northern Natural Gas Co. v. ONEOK Field Services Co., 296 Kan. 906, 918, 296 P.3d 1106 (2013); State v. Van Hoet, 277 Kan. 815, 826-27, 89 P.3d 606 (2004). Language should also be interpreted in the context of the whole and consistent with the purposes envisioned by the regulatory provision. See Van Hoet, 277 Kan. at 826 (quoting Robinett v. The Haskell Co., 270 Kan. 95, 100-01, 12 P.3d 411 [2000]).
Section V.B.2. of tire guidelines states:
“In the event of a failure to disclose a material change of circumstances, such as die understatement, overstatement, or concealment of financial information, as a result of such breach of duty, the court may determine the dollar value of a parly’s failure to disclose, and assess the amount in the form of a credit on the Line F.3 child support amount or an amount in addition to Line F.3 child support amount. The court may also adopt other sanctions.” (2013 Kan. Ct. R. Annot. 144).
If, as the majority suggests, the district court has wide discretion to impose whatever sanction it deems appropriate in a particular case, then the specific language in tire guidelines quoted above becomes unnecessary.
Moreover, in my view, when the Child Support Guidelines Committee and our Supreme Court approved this language, they *697 meant, at a minimum, for a specific sanction equal to the benefit gained from a failure to disclose a material change in circumstance to be imposed should the district court deem a sanction to be warranted. Hence, the specific language in Section V.B.2. quoted above. This makes sense; the whole purpose of the sanction provision is to provide an incentive for a party to disclose a material change in circumstance. Without the certainty that a sanction will be equal to tire benefit gained from a failure to disclose, parties will always have an incentive to conceal material information and attempt to “roll the dice” in court should their concealment be discovered. Moreover, consistent with this view, die “other sanctions” provision in the guidelines provides for die district court to impose additional sanctions, such as attorney fees, to assure that all the costs associated with attempting to recoup lost child support can be reimbursed.
The duty to disclose a material change in circumstance in the child support context is the linchpin of our child support guidelines because child support is based on both parties’ incomes. A child support recipient is unlikely to be aware of any substantial increase in die other party’s income, while a child support obligor has a disincentive to disclose significant changes in income that would result in an increase in child support payments. The changes to Section V.B.2. of die guidelines allowing for a sanction were designed to compel a child support obligor to timely disclose a material change in circumstance while, at the same time, leave some discretion to the district court to account for the varying circumstances of each individual case.
Upon remand, should the district court deem a sanction appropriate in this case, I would order that the guidelines direct it to impose a sanction equal to the amount of child support to which LaDonna would have otherwise been entitled had she been timely informed of Hal’s increase in income, minus die child support actually paid by Hal during the relevant period, plus any other sanctions, such as attorney fees, the district court sees fit in its discretion to impose.